UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 10-00132 DLJ (LB) |
| Plaintiff, ) | |
| ) | ORDER RE DETENTION AND SPEEDY |
| v. ) | TRIAL EXCLUSION |
| ROBERT VINCENT GRIER, ) | |
| Defendant. ) | |

## I. DETENTION ORDER

On March 23, 2010, appearing on a one-day writ, defendant Robert Grier made his initial appearance and was arraigned. At that hearing, the government asked for a mandatory detention hearing under 18 U.S.C. § 3142(f) on the grounds that the offense in the indictment (felon in possession of a firearm and ammunition) involved a gun and that Grier posed a serious risk of flight. *See* 18 U.S.C. § 3142(f)(1)(E) and (2(A). On March 29, 2010, Grier appeared on a one-day writ at the detention hearing, and the Court ordered him detained, finding that based on the offense and his criminal history, the record did not establish that conditions in section 3142(c) would reasonably assure the defendant's appearance in this case or the safety of any other person or the community. Specifically, the charged offense involved three firearms, including a .50 caliber semiautomatic pistol, a 12-gauge pump shotgun, a .38 caliber revolver and related ammunition. Despite his youth, the defendant has substantial criminal history and contacts, and

1

he is presently in state custody for violating the terms of his state probation.

Because the defendant is not in federal custody, is in state custody, and is appearing on a one-day writ, the Court – at the request of the United States Marshals Service – did not (and could not) remand Grier into federal custody but instead ordered him detained, with the state hold taking custodial priority. Should Grier be released from state custody, the Court's order is intended to serve as the written detention order under the bail statute. No one objected to this procedure, and indeed, after being advised of rights including his right to present evidence under section 3142(f), the defense waived the right to present information but reserved the right to present information at a future bail hearing.

## II. SPEEDY TRIAL EXCLUSION

For the reasons stated in open court on March 29, 2010, and stipulated to by the parties, the Court excluded time under the Speedy Trial Act from March 29, 2010 to April 23, 2010 to enable defense counsel to investigate the matter, including review of discovery. The Court found that (A) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and (B) the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(1)(7)(A) & (B)(iv).

## III. CONCLUSION

The Court detains the defendant as a danger to the community and as a flight risk without prejudice to his raising the bail issue at a future hearing where he can present evidence, and excludes time under the Speedy Trial Act as set forth above. Should the defendant be released from state custody, the Court orders that the defendant be committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. *See id.* § 3142(i)(3). On order of a court of the United States or

//

1  //

2  on request of an attorney for the government, the person in charge of the corrections facility

3  must deliver the defendant to the United States Marshal for a court appearance. *See id.* §

4  3142(i)(4).

5      IT IS SO ORDERED.

7  DATED: April 20, 2010

                           LAUREL BEELER
8                            United States Magistrate Judge